UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAMONT A. SMITH,<br><br>Petitioner,<br><br>v.<br><br>WARDEN KNIGHT,<br><br>Respondent. | Civil Action No. 22-7148 (KMW)<br><br>MEMORANDUM ORDER |

This matter comes before the Court on Petitioner Lamont A. Smith's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 4). By way of background, Petitioner is a federal prisoner confined at FCI Fort Dix who is subject to an immigration detainer. (*See* ECF No. 1.) Through his petition, Petitioner sought to be provided additional good time credits pursuant to the First Step Act which he believed were being improperly denied hm because of the proximity of his release date. (*Id.*) Petitioner thus sought an award of additional credits resulting in his transfer to a halfway house pending his ultimate release. (*Id.*)

In its response to Petitioner's habeas petition, the Government informs the Court that, following a BOP rule change, Petitioner was provided with additional First Step Act credits and was transferred to a halfway house at the end of January 2023. (ECF No. 4 at 1.) As a result, Petitioner was also scheduled to be completely released from federal prison custody on March 18, 2023. (*Id.*) Documents the Government provided confirm that Petitioner has now been provided with 210 days of First Step Act credits, and that he was transferred to a residential re-entry center on January 31, 2023, with an ultimate release date of March 18, 2023. (ECF No. 4-1 at 6-7.) The Bureau of Prisons' publicly available database in turn indicates that Petitioner was released from

prison on March 3, 2023. It thus appears that Petitioner received all of the credits he was due, received the early transfer he sought, and has since been released. Petitioner did not file a timely reply to the Government's letter. (ECF Docket Sheet.)

Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009).

In this matter, Petitioner sought the award of additional First Step Act credits and a transfer to a halfway house pending release. In January, he was awarded those credits and provided the transfer he sought, and it now appears that he has been released from BOP custody entirely. Because Petitioner has been provided the credits and transfer he sought, and because Petitioner has now been released and may no longer seek or accrue additional credits, this Court no longer has a meaningful opportunity to provide him with meaningful relief. His habeas petition must therefore be dismissed without prejudice as moot. *Spencer*, 523 U.S. at 7; *Burkey*, 556 F.3d at 146-50.

**IT IS THEREFORE** on this 28th day of March, 2023,

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as moot; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Government electronically and upon Petitioner by regular mail at his last known address, and shall **CLOSE** the file.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge